SUMMONS ISSUED       **CV-12  0895**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

MAVIS KEMPER, individually and for and on behalf of all similarly situated persons who were employed by WESTBURY OPERATING CORP. d/b/a HOLIDAY INN WESTBURY-LONG ISLAND and NORMAN SHAPIRO,

Plaintiffs,

-against-

WESTBURY OPERATING CORP d/b/a HOLIDAY INN WESTBURY-LONG ISLAND; NORMAN SHAPIRO; and/or any other entities affiliated with or controlled by WESTBURY OPERATING CORP. d/b/a HOLIDAY INN WESTBURY-LONG ISLAND and/or NORMAN SHAPIRO,

Defendants.

Index No.:

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ FEB 23 2012 ★

LONG ISLAND OFFICE

CLASS ACTION COMPLAINT

SPATT, J.

BOYLE, M

Plaintiffs, by their attorneys, VIRGINIA & AMBINDER, LLP and LEEDS, MORELLI & BROWN, P.C., allege upon knowledge to themselves and upon information and belief as to all other matters as follows:

**PRELIMINARY STATEMENT**

1. This action is brought pursuant to the Fair Labor Standards Act (hereinafter referred to as "FLSA"), 29 U.S.C. §§ 207 and 216(b); New York Labor Law §§ 652 and 663; New York Labor Law § 190 et seq.; and 12 New York Codes, Rules and Regulations (hereinafter referred to as "NYCRR") § 146-1.4; to recover unpaid wages including overtime; improperly withheld wages and other statutorily required compensation for work performed on behalf of Defendants by Plaintiff and all similarly situated persons who are presently or were formerly employed by WESTBURY OPERATING CORP. d/b/a HOLIDAY INN WESTBURY-LONG ISLAND; NORMAN SHAPIRO; and/or any other entities affiliated with or controlled by WESTBURY OPERATING CORP. d/b/a

HOLIDAY INN WESTBURY-LONG ISLAND; and/or NORMAN SHAPIRO (hereinafter referred to as "Defendants").

2. Beginning in approximately June of 2005 and, upon information and belief, continuing through the present, Defendants have engaged in a policy and practice of requiring their employees to regularly work in excess of forty (40) hours per week, without providing overtime compensation for all hours worked, including overtime compensation for work performed in excess of 40 hours in a seven consecutive day work week as required by applicable federal and state law.

3. Beginning in approximately June of 2005 and, upon information and belief, continuing through the present, Defendants failed to provide Plaintiffs with paystubs that correctly reflected the amount of hours worked, the rate of pay, the amount of deductions and all other information required by New York Labor Law § 195(3).

4. Under the direction of WESTBURY OPERATING CORP. d/b/a HOLDIAY INN WESTBURY-LONG ISLAND's corporate officer and/or director NORMAN SHAPIRO, Defendants instituted the practice of depriving their employees of overtime compensation, at one and one-half times the regular rate for work performed in excess of forty (40) hours per week, as mandated by federal and state law.

5. Plaintiff has initiated this action seeking for herself, and on behalf of all similarly situated employees, all compensation, including overtime compensation that they were deprived of, plus interest, damages, attorneys' fees and costs.

## JURISDICTION

6. Jurisdiction of this Court is invoked pursuant to FLSA, 29 U.S.C. § 216(b), and 28 U.S.C. §§ 1331 and 1337. This Court also has supplemental jurisdiction under 28 U.S.C. § 1367 of the claims brought under New York Labor Law.

7. The statute of limitations under FLSA, 29 U.S.C. § 255(a), for willful violations is three (3) years.

8. The statute of limitations under New York Labor Law § 198(3) is six (6) years.

## VENUE

9.     Venue for this action in the Eastern District of New York under 28 U.S.C. § 1391(b) is appropriate because a substantial part of the events or omissions giving rise to the claims occurred in the Eastern District of New York.

## THE PARTIES

10.    Plaintiff MAVIS KEMPER is an individual who is currently a resident of New York and was employed by Defendants as a houseman and/or housekeeper from in or about June 2005 until January 2012.

11.    Upon information and belief, Defendant WESTBURY OPERATING CORP. d/b/a HOLIDAY INN WESTBURY-LONG ISLAND, is a domestic business corporation organized and existing under the laws of New York and authorized to do business in New York, with a principal place of business at 369 Old Country Road, Carle Place, New York 11514.

12.    Upon information and belief, Defendant NORMAN SHAPIRO is a resident of the State of New York at 369 Old Country Road, Carle Place, New York 11514, and at all relevant times was an officer, director, and/or owner of WESTBURY OPERATING CORP. d/b/a HOLIDAY INN WESTBURY-LONG ISLAND.

13.    Upon information and belief, Defendants are engaged in the hospitality and hotel industry as that term is defined in 12 NYCRR § 146-3.1.

14.    Defendants engage in interstate commerce, produce goods for interstate commerce, and/or handle, sell, or work on goods or materials that have been moved in or produced for interstate commerce.

15.    Upon information and belief, Defendants annual gross volume of sales made or business done is not less than $500,000.

## CLASS ALLEGATIONS

16. Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1 through 15 hereof.

17. This action is properly maintainable as a collective action pursuant to the FLSA, 29 U.S.C. § 216(b), and as a Class Action under Rule 23 of the Federal Rules of Civil Procedure.

18. This action is brought on behalf of Plaintiff and a class consisting of similarly situated employees who worked for Defendants as housemen, housekeepers, and other employees who cleaned common areas and/or guest rooms.

19. Plaintiffs and potential plaintiffs who elect to opt-in as part of the collective action are all victims of Defendants' common policy and/or plan to violate the FLSA by failing to provide overtime wages, at the rate of one and one half times the regular rate of pay, for all time worked in excess of 40 hours in any given week pursuant to 29 U.S.C. § 207.

20. The putative class is so numerous that joinder of all members is impracticable. The size of the putative class is believed to be in excess of 100 employees. In addition, the names of all potential members of the putative class are not known or knowable without Defendants' records or discovery.

21. The questions of law and fact common to the putative class predominate over any questions affecting only individual members. These questions of law and fact include, but are not limited to: (1) whether Defendants failed to pay overtime wages, at the rate of one and one-half times the regular rate of pay, for all hours worked in excess of forty (40) hours in any given week; and (2) whether Defendants provided proper payroll receipts containing the required information including hours worked, rate of pay applicable to withholdings…

22. The claims of the named Plaintiff are typical of the claims of the putative class members. Plaintiff and putative class members were all subject to Defendants' policies and willful practice of refusing to pay employees the statutory overtime wages. Plaintiff and the putative class members have thus sustained similar injuries as a result of Defendants' actions.

23. Plaintiff and their counsel will fairly and adequately protect the interests of the putative class. Plaintiff has retained counsel experienced in complex wage and hour collective and class action litigation.

24. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. The individual Plaintiff and putative class action members lack the financial resources to adequately prosecute separate lawsuits against Defendants. A class action will also prevent unduly duplicative litigation resulting from inconsistent judgments pertaining to Defendants' policies.

## FACTS

25. Upon information and belief, beginning in or about June of 2005 until the present, Defendants employed Plaintiff and other members of the putative class to clean all common areas, including but not limited to halls, lobby, and waiting areas, and guest rooms.

26. Upon information and belief, Plaintiff MAVIS KEMPER worked for WESTBURY OPERATING CORP. d/b/a HOLIDAY INN WESTBURY-LONG ISLAND five (5) to six (6) days per week from approximately 6:30 a.m. until 3:30 p.m.

27. Upon information and belief, Plaintiff MAVIS KEMPER worked for WESTBURY OPERATING CORP. d/b/a HOLIDAY INN WESTBURY-LONG ISLAND from June 2005 until January 2012 and was paid an hourly rate of $9.00 to $11.00.

28. Upon information and belief, during the period from June of 2005 through the present, more than 100 similarly situated persons who worked for Defendants in a similar capacity and thus fall into the putative class.

29. Upon information and belief, Plaintiff and other similarly situated persons were paid a straight time hourly wage, while working approximately in excess of 40 hours per week.

30. Upon information and belief, while working for Defendants, Plaintiffs and other members of the putative class did not receive the required overtime wages, at the rate of one and one-half times (1.5) the regular rate of pay, for the time in which they worked after the first forty (40) hours in any consecutive seven day week.

31. Upon information and belief, while working for Defendants, Plaintiff payroll receipts did not correctly reflect the total amount of hours worked and corresponding wages earned in a given pay period.

32. Upon information and belief, NORMAN SHAPIRO was the president and/or chief executive officer of WESTBURY OPERATING CORP. d/b/a HOLIDAY INN WESTBURY-LONG ISLAND, and (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment for employees, and (4) maintained employment records for that entity.

33. Upon information and belief, NORMAN SHAPIRO was the president and/or chief executive officer of WESTBURY OPERATING CORP. d/b/a HOLIDAY INN WESTBURY-LONG ISLAND, dominated the day-to-day operating decisions of that entity, and made major personnel decisions for that entity.

34. Upon information and belief, NORMAN SHAPRIO had complete control of the alleged activities of WESTBURY OPPERATIONS CORP. d/b/a HOLIDAY INN WESTBURY-LONG ISLAND, which give rise to the claims brought herein.

### FIRST CAUSE OF ACTION:
### FLSA OVERTIME WAGE COMPENSATION

35. Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1 through 34 hereof.

36. Pursuant to 29 U.S.C. § 207, "no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty [40] hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

37. Upon information and belief, Defendants violated the FLSA by failing to pay Plaintiff and other members of the putative collective action earned overtime wages, at

the rate of one and one-half times the regular rate of pay, for all time in which they worked in excess of forty (40) hours in any given week.

38. Upon information and belief, Plaintiff and other members of the putative class typically worked more than forty (40) hours in any given week.

39. Upon information and belief, Plaintiff and other members of the putative class did not always receive overtime compensation at a rate of one and one-half times the regular rate for all hours worked in excess of forty (40) hours in any given week.

40. None of the exemptions of 29 U.S.C. § 213 applies to Plaintiff or other similarly situated employees.

41. Upon information and belief, the failure of Defendants to pay Plaintiff and other members of the putative collective action their rightfully-owed overtime compensation was willful.

42. By the foregoing reasons, Defendants are liable to Plaintiff and members of the putative collective action in an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages, interest, attorneys' fees and costs.

## SECOND CAUSE OF ACTION: NEW YORK OVERTIME WAGE COMPENSATION

43. Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1 through 42 hereof.

44. 12 NYCRR § 146-1.4 requires that "[a]n employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's regular rate for hours worked in excess of 40 hours in one workweek."

45. New York Labor Law § 663 provides that "[i]f any employee is paid by his employer less than the wage to which he is entitled under the provisions of this article, he may recover in a civil action the amount of any such underpayments, together with costs and such reasonable attorneys' fees."

46. Upon information and belief, Plaintiff and other members of the putative class action regularly worked more than forty (40) hours a week while working for Defendants.

47. Upon information and belief, Plaintiff and other members of the putative class action did not receive overtime compensation for all hours worked in excess of forty (40) hours in any given week.

48. Consequently, by failing to pay to Plaintiff and other members of the putative class action overtime compensation, Defendants violated New York Labor Law § 663 and 12 NYCRR § 146-1.4.

49. Upon information and belief, Defendants' failure to pay overtime compensation to Plaintiff and members of the putative class action was willful.

50. By the foregoing reasons, Defendants have violated New York Labor Law § 663 and 12 NYCRR § 146-1.4 and are liable to Plaintiff and members of the putative class action in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees and costs.

### THIRD CAUSE OF ACTION:
### NEW YORK FAILURE TO PAY WAGES

51. Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1 through 50 hereof.

52. Pursuant to Article Six of the New York Labor Law, workers, such as Plaintiffs and other members of the putative class action, are protected for wage underpayments and improper employment practices.

53. Pursuant to New York Labor Law § 190, the term "employee" means "any person employed for hire by an employer in any employment."

54. As persons employed for hire by Defendants, Plaintiff and other members of the putative class action are "employees," as understood in Labor Law § 190.

55. Pursuant to New York Labor Law § 190, the term "employer" includes "any person, corporation, limited liability company, or association employing any individual in any occupation, industry, trade, business or service."

56.  As an entity that hired Plaintiff and other members of the putative class, WESTBURY OPPERATIONS CORP. d/b/a HOLIDAY INN WESTBURY-LONG ISLAND, is an "employer."

57.  Upon information and belief, pursuant to New York Labor Law § 190 and the cases interpreting same, NORMAN SHAPIRO is an "employer."

58.  Plaintiff and other members of the putative class overtime compensation rate was within the meaning of New York Labor Law §§ 190, 191.

59.  Pursuant to New York Labor Law § 191 and the cases interpreting the same, workers such as Plaintiff and other members of the putative class action are entitled to be paid all their weekly wages "not later than seven calendar days after the end of the week in which the wages are earned."

60.  In failing to pay Plaintiff and other members of the putative class action proper overtime payments for time worked after forty (40) hours in one week, Defendants violated New York Labor Law § 191, by failing to pay Plaintiff and other members of the putative class all of their wages earned within the week such wages were due.

61.  Pursuant to New York Labor Law § 193, "No employer shall make any deduction from the wages of an employee," such as Plaintiff and other members of the putative class, that is not otherwise authorized by law or by the employee.

62.  By withholding overtime payments for time worked over forty (40) hours in any given week from Plaintiff and other members of the putative class, pursuant to New York Labor Law § 193 and the cases interpreting the same, Defendants made unlawful deductions in wages owed to Plaintiff and other members of the putative class.

63.  Upon information and belief, Defendants' failure to pay Plaintiff and other members of the putative class overtime payments for time worked in excess of forty (40) hours in any given week was willful.

64.  By the foregoing reasons, Defendants have violated New York Labor Law § 198 and are liable to Plaintiff and other members of the putative class in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees and costs.

## FOURTH CAUSE OF ACTION:
## NEW YORK IMPROPER PAY STUBS AND DOCUMENTATION

65. Plaintiffs repeat and re-allege the allegations set forth in paragraphs 1 through 64 hereof.

66. Pursuant to New York Labor Law §§ 198-1(d) and 195, an employer is required to provide its employee with a paystub that accurately reflects the rate of pay, the hours worked and the amounts deducted. According to that statute, Plaintiffs paystubs must include: the employee's rate or rates of pay; the overtime rate of pay, if the employee is subject to overtime regulations; the basis of wage payment (per hour, per shift, per week, piece rate, commission, etc.); any allowances the employer intends to claim as part of the minimum wage including tip, meal, and lodging allowances ; the regular pay day; the employer's name and any names under which the employer does business (DBA); the physical address of the employer's main office or principal place of business and, if different, the employer's mailing address ; and the employer's telephone number.

67. According to New York Labor Law § 198-1(d), Plaintiffs are entitled to $100 for every paycheck they received that did not have a stub.

68. Upon information and belief, Plaintiffs and members of the putative class did not receive paystubs that accurately reflected their hours worked or the amount of deductions that were being taken from their wages.

69. By the foregoing reasons, Defendants have violated New York Labor Law § 198-1(d) and are liable to Plaintiffs and other members of the putative class in an amount to be determined at trial, plus interest, attorneys' fees and costs.

WHEREFORE, Plaintiff, individually and on behalf of all other persons similarly situated who were employed by WESTBURY OPPERATIONS CORP. d/b/a HOLIDAY INN WESTBURY-LONG ISLAND, demands judgment:

(1) on the first cause of action against Defendants, in an amount to be determined at trial plus liquidated damages in the amount equal to the amount of unpaid wages, interest, attorneys' fees and costs;

(2) on their second cause of action against Defendants, in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees and costs, pursuant to the cited New York Labor Law provisions;

(3) on their third cause of action against Defendants, in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees, and costs, pursuant to the cited New York Labor Law provisions;

(4) on their fourth cause of action against Defendants, in an amount to be determined at trial, plus interest, attorneys' fees and costs; and

(4) such other and further relief as this Court may deem just and proper.

Dated: Carle Place, New York
February 23, 2012

LEEDS, MORELLI & BROWN, P.C.

BY: _____
Jeffrey K. Brown
Lenard Leeds
Jessica Parada
Michael Tompkins
1 Old Country Road
Carle Place NY 11514
(516)873-9550

*and*

VIRGINIA & AMBINDER, LLP
Lloyd R. Ambinder
James Emmet Murphy
Trinity Centre
111 Broadway, 14th Floor
New York, New York 10006
(212)943-9080

*Attorneys for Plaintiffs and the putative class*