UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------------X
MAVIS KEMPER,, individually and for and on behalf of all
similarly situated persons who were employed by WESTBURY
OPERATING CORP. d/b/a HOLIDAY INN WESTBURY-LONG
ISLAND and NORMAN SHAPIRO,

                                                Plaintiffs,          MEMORANDUM
                -against-                                    OPINION AND ORDER
                                                                           CV 12-0895 (ADS)(ETB)
WESTBURY OPERATING CORP. d/b/a HOLIDAY INN
WESTBURY-LONG ISLAND; NORMAN SHAPIRO;
and/or any other entities affiliated with or controlled by
WESTBURY OPERATING CORP. d/b/b HOLIDAY INN
WESTBURY-LONG ISLAND and/or NORMAN SHAPIRO,

                                                Defendants.
----------------------------------------------------------------------------X

      Before the court is the plaintiffs' motion to conditionally authorize a collective action, pursuant to Section 216 of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq. Plaintiffs also request authorization to circulate a Notice of Lawsuit and Consent to Join Lawsuit form to similarly situated individuals. Defendants oppose plaintiffs' motion on the grounds that plaintiffs previously informally agreed to conduct some initial discovery prior to moving for conditional certification. Defendants also challenge the proposed Notice of Lawsuit submitted by plaintiffs. For the following reasons, plaintiffs' motion is granted, subject to the limitations discussed below.

FACTS

      Plaintiff Mavis Kemper ("Kemper") is a former employee of defendant Westbury Operating Corp., d/b/a Holiday Inn Westbury-Long Island ("Holiday Inn"), which operates a

hotel in Carle Place, New York and is controlled and/or owned by the individual defendant Norman Shapiro. (Complaint at ¶¶ 10-12.) Kemper was employed by defendants as a "houseman and/or housekeeper" in their hotel from June 2005 until January 2012. (Complaint at ¶ 10.)

Kemper alleges that she worked more than forty hours per week during the course of her employment, typically working five to six days per week from approximately 6:30 a.m. to 3:30 p.m. (Complaint at ¶¶ 26, 29.) Kemper alleges that she was not compensated at a rate of one and one-half times her regular pay rate for those hours worked in excess of forty, as required by law. (Complaint at ¶ 29.) Kemper further alleges that other similarly situated employees have been unlawfully denied overtime compensation as well. (Id.) In support of this motion for collective action certification, plaintiffs provide declarations from four similarly situated employees, all of who report having knowledge of additional similarly situated employees. (See Exhibits "B", "C", and "D" to the Declaration of Kara Miller dated September 10, 2012; see also Exhibit "A" to the Declaration of Kara Miller dated October 10, 2012.)

Plaintiffs bring this action pursuant to the FLSA, alleging that defendants' failure to pay them for their overtime hours violates Section 207 of that Act, as well as the New York Labor Law, 12 N.Y.C.R.R. § 137.

Plaintiffs now seek conditional authorization to proceed as a collective action, pursuant to FLSA § 216, as well as permission to circulate the proposed Notice of Lawsuit and Consent to Joint Lawsuit form to former and current employees who worked for defendants from September 10, 2009 to the present so that such similarly situated employees may be apprised of the within action and opt to join the litigation, if they so choose.

D<small>ISCUSSION</small>

I.      Conditional Certification

Section 216(b) of the FLSA provides a private right of action to recover unpaid overtime compensation "against any employer . . . by any one or more employees for and on behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). An employee cannot become a party to such an action, however, unless he or she provides consent, in writing, and such consent is filed in the court where the action is pending. See id.; see also Patton v. Thomson Corp., 364 F. Supp. 2d 263, 266 (E.D.N.Y. 2005) ("[O]ther employees can become plaintiffs, and thereby be bound by the action's determination, only by affirmatively acting to do so."). Courts have discretion to authorize sending notice to potential plaintiffs in a collective action. See Sobczak v. AWL Indus., Inc., 540 F. Supp. 2d 354, 362 (E.D.N.Y. 2007) (citation omitted).

The "threshold issue" in deciding whether to authorize notice in an FLSA action is whether plaintiffs have demonstrated that the potential class members are "similarly situated." Patton, 364 F. Supp. 2d at 266-67 (citing Hoffmann v. Sbarro, Inc., 982 F. Supp. 249, 261 (S.D.N.Y. 1997)); see also Sobczak, 540 F. Supp. 2d at 362 (citing cases). Although the term "similarly situated" is not defined in the FLSA or its implementing regulations, courts have interpreted it to require plaintiffs to make "a modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law." Sobczak, 540 F. Supp. 2d at 362 (quoting Hoffmann, 982 F. Supp. at 261) (additional citations omitted); see also Patton, 364 F. Supp. 2d at 267. "This burden 'is not a stringent one, and the Court need only reach a preliminary determination that potential plaintiffs are similarly

situated.'" Patton, 364 F. Supp. 2d at 267 (quoting Hoffmann, 982 F. Supp. at 261); see also Sobczak, 540 F. Supp. 2d at 362 (stating that "[t]he burden at this initial stage is minimal"). A named plaintiff is not required to show "an actual FLSA violation" at this stage, but rather only that "a 'factual nexus' exists between the plaintiff's situation and the situation of other potential plaintiffs." Sobczak, 540 F. Supp. 2d at 362 (quoting Wraga v. Marble Lite Inc., No. 05 Civ. 5038, 2006 U.S. Dist. LEXIS 60457, 2006 WL 2443554, at *1 (E.D.N.Y. Aug. 22, 2006)); see also Jackson v. N.Y. Telephone Co., 163 F.R.D. 429, 431 (S.D.N.Y. 1995) (stating that "plaintiffs are only required to demonstrate a factual nexus that supports a finding that potential plaintiffs were subjected to a common discriminatory scheme").

Defendants assert that the affidavits offered by the plaintiffs in support of this motion are insufficient to establish the required factual nexus here because they contain insufficiently detailed descriptions of the alleged failure by defendants to pay wages in accordance with the FLSA. This argument is without merit and similar arguments have been explicitly rejected by other courts. See, e.g., Sobczak, 540 F. Supp. 2d at 363 (stating that "[d]efendants' argument that the [plaintiffs'] affidavits are insufficient to satisfy the burden for a notice to be sent because they present mere conclusory allegations is inaccurate"). "[C]ourts regularly grant motions for approval of a collective action notice based upon employee affidavits setting forth a defendant's plan or scheme to not pay overtime compensation and identifying by name similarly situated employees." Id. at 362 (quotation and internal quotation marks omitted); see also Cano v. Four M Food Corp, No. 08-CV-3005, 2009 U.S. Dist. LEXIS 7780, at *17 (E.D.N.Y. Feb. 3, 2009) (finding that plaintiffs' affidavits containing "statements setting forth defendants' common denial of overtime pay, the named plaintiffs' personal knowledge of and the names of other co-

workers who were allegedly subject to the same denial of overtime pay" demonstrated a "sufficient factual basis" that the named plaintiffs and the potential plaintiffs were similarly situated); Wraga, 2006 WL 2443554, at *2 (granting motion to certify collective action based on plaintiff's affidavit alleging failure to pay overtime for hours worked in excess of forty where plaintiff stated that he was aware, based on personal conversations, of at least eighteen other employees who were similarly situated); Gjurovich v. Emmanuel's Marketplace, Inc., 282 F. Supp. 2d 91, 96 (S.D.N.Y. 2003) (granting conditional certification where plaintiff's declaration "identified by name a number of current or former . . . employees who held the same or similar positions as the Plaintiff . . . who, like Plaintiff, were paid a fixed weekly salary, and may not have received overtime compensation if he or se worked in excess of forty hours each week"). Plaintiffs' declarations in support of the motion herein meet this "lenient evidentiary standard." Malena v. Victoria's Secret Direct, LLC, No. 09 Civ. 5849, 2010 U.S. Dist. LEXIS 121320, at *9 (S.D.N.Y. Nov. 16, 2010) (quoting Delaney v. Geisha NYC, LLC, 261 F.R.D. 55, 58 (S.D.N.Y. 2009)).

Based on the foregoing, the Court finds that plaintiffs have satisfied their modest burden of demonstrating that the class of potential plaintiffs is similarly situated.

II.     The Notice Period

"The FLSA has a two-year statute of limitations except in the case of willful violations, for which the statute of limitations is three years." Cohen v. Gerson Lehrman Group, Inc., No. 09 CV 4352, 2010 U.S. Dist. LEXIS 1666, at *35 (S.D.N.Y. Jan. 6, 2010) (citing 29 U.S.C. § 255(a)); see also Harrington v. Educ. Mgmt. Corp., No. 02-0787, 2002 U.S. Dist. LEXIS 10966,

at *5 (S.D.N.Y. June 18, 2002) ("The FLSA provides a two-year statute of limitations for claims brought under the statute, but allows an additional year for willful violations."). Plaintiffs herein request that the proposed notice be sent to all housekeepers, housemen, and other individuals who worked in similar positions for the defendant from September 10, 2009 through the present. Plaintiffs have selected the September 10, 2009 date because it is three years prior to the date upon which the motion for collective action certification was filed. Defendants concede that a three year period is appropriate, but request that the proposed notice be sent only to those employees who worked for the defendants commencing three years prior to the date of the mailing of the notice, rather than three years prior to the date on which the plaintiffs' motion was filed.

      The allegations contained in plaintiffs' Complaint concerning defendants' failure to provide their employees with proper overtime compensation are sufficient at this preliminary stage to warrant authorizing notice for a three-year period. Alvarez v. IBM Restaurants, Inc., 839 F.Supp.2d 580, 588 (E.D.N.Y. 2012) ("where willfulness is in dispute, a three year statute of limitations applies at the conditional certification stage"). The three-year statute of limitations generally isn't tolled until the day an employee opts in to a suit. Enriquez v. Cherry Hill Market Corp., No. 10 Civ. 5616, 2012 U.S. Dist. LEXIS 17036, at *7 (E.D.N.Y. Feb. 10, 2012); Hoffman v. Sbarro, Inc., 982 F.Supp. 249, 260 (S.D.N.Y. 1997). However, some plaintiffs may be eligible for equitable tolling, and courts have held that, in light of this possibility, it may be appropriate to permit "notice to be sent to the larger class of prospective members, with the understanding that challenges to the timeliness of individual plaintiffs' actions will be entertained at a later date." Whitehorn v. Wolfgang's Steakhouse, Inc., 767 F.Supp.2d 445, 451

(S.D.N.Y. 2011); see also Guzelgurgenli v. Prime Time Specials Inc., No. 11 Civ 4549, 2012 U.S. Dist. LEXIS 113212, at *41-42 (E.D.N.Y. Aug. 8, 2012). Notices of collective action may be sent to prospective plaintiffs who worked for defendants from a date three years prior to the filing of the motion for collective action, rather than the date upon which notice is mailed. See, e.g. McGlone v. Contract Callers, Inc., No 11 Civ 3004, 2012 U.S. Dist. LEXIS 49702, at *16-17 (E.D.N.Y. Apr. 6, 2012) (permitting collective action notice to be sent to prospective plaintiffs who had worked for defendant within three years prior to the date of the filing of the motion for collective action certification); Yahraes v. Restaurant Assocs. Events Corp., No. 10 Civ 935, 2011 U.S. Dist. LEXIS 23115, at *4 (E.D.N.Y. Mar. 8, 2011) ("The delay caused by the time required for a court to rule on a motion, such as one for certification of a collective action in a FLSA case, may be deemed an 'extraordinary circumstance[]' justifying application of the equitable tolling doctrine") (citations omitted; alteration in original); see also Guzelgurgenli, 2012 U.S. Dist. LEXIS at *41 (permitting notice of collective action to be sent to prospective plaintiffs who worked for defendants for up to three years prior to filing of complaint, rather than date of mailing of motion); Whitehorn, 767 F.Supp.2d at 451 (same).

In light of these holdings, the plaintiffs' request to notify individuals who were employed three years from the date plaintiff filed this motion, rather than from the date of the mailing of the notice, is granted.

III. The Notice of Lawsuit

The FLSA vests the district court with broad discretion with respect to the content of the Notice of Pendency to be provided to potential class members. See Delaney v. Geisha NYC,

LLC, 261 F.R.D. 55, 55 (S.D.N.Y. 2009). "Courts consider the overarching policies of the collective suit provisions' and whether the proposed notice provides 'accurate and timely notice concerning the pendency of the collective action, so that [an individual receiving the notice] can make an informed decision about whether to participate." Delaney, 261 F.R.D. at 55 (quoting Fasanelli, 516 F. Supp. 2d at 322) (alteration in original).

Plaintiffs have provided the Court with a proposed Notice of Lawsuit and Consent to Join Lawsuit form (the "Notice"). Defendants have made several objections to the proposed Notice. Having reviewed the proposed Notice, and defendants' objections, the Court now addresses these objections.

### A) References to Claims Arising Under New York State Law

First, the proposed Notice states as follows: "You may be owed overtime compensation if you worked for the Holiday Inn at any time from February 23, 2006 through the present." (Proposed Notice 1.) Defendants object to the inclusion of these statements because they reference plaintiff's claims under New York State Labor Laws. (Defendants' Memorandum of Law in Opposition to Motion to Certify a Collective Action, hereinafter "Def. Mem. of Law in Opp'n," at 7, 8.) Defendants maintain such statements are irrelevant to this Notice, as plaintiff is currently only seeking conditional collective action certification on plaintiff's FLSA claims, and would be prejudicial and potentially misleading. (Id. at 7.)

This Court disagrees with defendants. Insofar as information regarding potential state law claims "may be relevant to potential plaintiffs with timely federal claims in deciding whether or not to opt in to the collective action," it is appropriate to leave such language in the Notice.

Lujan v. Cabana Mgm't, Inc., No. 10 Civ. 755, 2011 U.S. Dist. LEXIS 9542, at *34, n. 15 (E.D.N.Y. Feb. 1, 2011); see also Guzman v. VLM, Inc., No. 07 Civ. 1126, 2007 U.S. Dist. 75817, at *21 (E.D.N.Y. Oct. 11, 2007); Hernandez v. Immortal Rise, Inc., 11 Civ. 4360, 2012 U.S. Dist. LEXIS 136556, at *25 (E.D.N.Y. Sept. 24, 2012). Information regarding state law claims may help potential plaintiffs determine whether they want to opt in to this suit or to pursue their claims in a different forum, and it is not clear how the dissemination of such information would harm defendants. The Court therefore will not modify this portion of the proposed Notice.

### B) References to Potential Plaintiffs' Immigration Status

Defendants also object to the following wording: "You have the right to participate in this action even if you are an undocumented alien or if you were paid in cash," (Def. Mem. of Law in Opp'n at 3) which appears in bold in the introductory section of the Notice, and appears again in regular type in section nine (Proposed Notice 1, 3). Defendants seek to replace the phrase "even if you are an undocumented alien or if you were paid in cash" to read "regardless of your immigration status," on the basis that plaintiffs have made no allegations whatsoever that employees were ever paid in cash, and that the use of plaintiffs' proposed language implies that defendants have violated labor or immigration laws. (Def. Mem. of Law in Opp'n at 3.) Defendants further request that the phrase appear in regular, rather than bold type. (Id.) Plaintiffs consent to the wording change, with the caveat that the information should remain in bold typeface, in order to ensure that individuals in receipt of the notice do not overlook the notice under the mistaken belief that they are not eligible to participate due to immigration

status. (Plaintiffs' Memorandum of Law in Further Support of the Motion for Conditional Certification and Notice to the Class, hereinafter "Pltffs. Mem. of Law in Further Support," at 8.)

As a general rule, courts will permit the use of language similar or identical to that agreed to by plaintiffs. See Enriquez, 2012 U.S. Dist. LEXIS at *11 (ordering that notice to potential plaintiffs include language stating "that potential plaintiffs may be owed payment even if they were paid in cash and regardless of their immigration status"); Perez v. Jupada Enter., Inc., No. 10 Civ 3118, 2012 U.S. Dist. LEXIS 103783, at *17 (S.D.N.Y. Jul. 25, 2012) (approving notice stating "[y]our immigration status does not affect your ability to participate in this settlement"); Cortes v. Astoria NY Holdings, LLC, No. 11 Civ 3062, 2011 U.S. Dist. LEXIS 122524, at *12 (E.D.N.Y. Oct. 24, 2011) (approved notice that included phrase "[y]ou have a right to participate in this action even if you are an undocumented alien or if you were paid in cash"); Guzman, 2007 U.S. Dist. LEXIS at *27 (Court was "not persuaded that there is anything wrong with" the inclusion of the statement "[y]ou have a right to participate in this action even if you are an undocumented alien or if you were paid in cash" in the proposed notice). Courts have further permitted this information to appear in bold typeface. See, e.g. Cortes, 2011 U.S. Dist. LEXIS at *12 (approved notice contained information regarding ability to participate regardless of immigration status in bold typeface). After giving due consideration to defendants' objections, this Court approves the proposed change as agreed to by plaintiffs, and further orders that the statement in question may appear in bold typeface in the introductory section of the Notice in order to ensure that all potential plaintiffs are made fully aware of their rights in this action.

C) References to Potential Plaintiffs' Rights and Responsibilities

Defendants also contend that the notice should include a statement in sections four and five advising potential plaintiffs that if they join the lawsuit, they will be bound by any ruling, settlement, or judgment, whether favorable or unfavorable. (Def. Mem. of Law in Opp'n at 8.) Plaintiffs maintain that the notice already includes such language, and that no further changes are necessary. (Pltffs. Mem. of Law in Further Support at 8.)

Section four of the proposed Notice states "If you choose to join this lawsuit, you will be bound by any ruling, settlement, or judgment. You will also share in any proceeds from a settlement or judgment." (Proposed Notice at 2.) Section five states "If you choose not to join this lawsuit, you will not be entitled to share in any amounts recovered by the Plaintiffs if they are successful in obtaining an award from a trial or settlement of this lawsuit. You will also not be affected by any ruling, judgment, or settlement rendered in this lawsuit." Id.

The only substantive difference between plaintiffs' proposed wording and defendants' proposed wording is the inclusion of the phrase "whether favorable or unfavorable." There is nothing in the relevant case law to suggest that this phrase is either required or prohibited; therefore, it is up to this Court to determine whether the inclusion of this phrase will "provide accurate and timely notice concerning the pendency of the collective action, so that [potential plaintiffs] can make informed decisions about whether to participate," or would instead be "unduly argumentative, meant to discourage participation in the lawsuit, or [be] unnecessary or misleading." Whitehorn, 767 F.Supp.2d at 450 (internal quotations, citations omitted).

The Court finds that modifying section four of the proposed Notice to inform potential plaintiffs that they will be bound by any ruling, settlement, or judgment, whether favorable or

unfavorable, may assist potential plaintiffs in determining whether or not they wish to join this suit. It is therefore ordered that the first sentence of section four of the proposed Notice be amended to read as follows: "If you choose to join this lawsuit, you will be bound by any ruling, settlement, or judgment, whether favorable or unfavorable." Section five, in contrast, requires no such amendment, as such amendment would be redundant and unnecessary in light of the change to section four.

Defendants also contend that the notice should include language advising potential plaintiffs that they may be asked to provide oral and/or written discovery and that they may be asked to testify at trial, and providing a more detailed description of the meaning of "discovery." (Def. Mem. of Law in Opp'n at 8.) Plaintiffs have consented to this request and have agreed to work with defendants to arrive at mutually agreeable language. (Pltff. Mem. of Law in Further Support at 8.) In light of this, the Court hereby orders the parties to submit a revised proposed notice, which includes this mutually agreed upon language, within ten days of the date of this Order.

### D) References to Websites of Plaintiffs' Counsel

Defendants object to the inclusion of plaintiffs' counsels' websites in the proposed Notice on the grounds that they "are predominantly advertisements, which show articles, press releases, results of other lawsuits, and articles about these firms," and "add no value to the Notice, are not educational, and do not provide any additional relevant information." (Def. Mem. of Law in Opp'n at 8-9.) Defendants further maintain that "the 'results' listed on these website(s) may erroneously imply to a prospective opt-in plaintiffs that the result in this case

may emulate the results in other cases." (Def. Mem. of Law in Opp'n at 9.) Having reviewed the websites in question, this Court disagrees.

None of the information provided on either website appears misleading; rather, the websites of the firms representing plaintiffs contain factual information regarding the firms' experience and past verdicts. The information provided falls well within the boundaries of permissible attorney advertising, and provides no further or different information than that which would be available if a potential plaintiff were to use an internet search engine to research these firms. Furthermore, the Notice explicitly informs prospective plaintiffs that they may retain their own counsel and are under no obligation to be represented by plaintiffs' counsel. Consequently, this Court sees no need to redact plaintiffs' counsels' websites from the proposed Notice.

E) <u>Referral of Potential Plaintiffs to Plaintiffs' Counsel in the Event of Retaliation</u>

Finally, defendants have objected to the inclusion, in section eight of the proposed Notice, of instructions to prospective plaintiffs to contact plaintiffs' counsel in the event that they believe defendants have retaliated against them for taking part in this lawsuit. (Def. Mem. of Law in Opp'n at 9.) Plaintiffs have consented to the removal of this language. (Pltff. Mem. of Law in Further Support at 9.) It is therefore ordered that section eight of the proposed Notice be amended to remove the following statement in its entirety: "If you believe that you have been penalized, discriminated against, or disciplined in any way as a result of your receiving this notification, considering whether to join this lawsuit, or joining this lawsuit, you may contact Plaintiffs' lawyers or any other lawyers of your choosing." (Proposed Notice at 3.)

Based on the foregoing, plaintiffs' proposed Notice of Lawsuit and Consent to Join

Lawsuit form is approved, subject to the modifications discussed above, and the parties are ordered to submit a revised proposed Notice of Lawsuit within ten days of the date of this Order. Upon approval of the revised proposed Notice, plaintiffs are authorized to circulate the Notice to all current and former employees who have worked as "housekeepers, housemen, and in similar cleaning jobs" who have been employed by defendants within three years of the filing of the instant motion. Plaintiffs are further authorized to post the Notice at defendants' business locations. See, e.g., Malloy v. Richard Fleischman & Assoc. Inc., No. 09 Civ. 322, 2009 U.S. Dist. LEXIS 51790, at *11 (S.D.N.Y. June 3, 2009) (requiring defendant to post the notice of pendency "in each workplace where potential collective action members are employed").

## CONCLUSION

For the foregoing reasons, plaintiffs' motion for conditional authorization to proceed as a collective action is granted. Plaintiffs' proposed Notice of Lawsuit and Consent to Join Lawsuit form is hereby approved, subject to the modifications discussed herein. The parties are ordered to submit a revised proposed Notice within ten days of the date of this Order. Subject to the Court's approval of the revised Notice, plaintiffs are authorized to circulate the Notice of Lawsuit and Consent to Join Lawsuit form to all housemen, housekeepers, and others in similar cleaning jobs, who have been employed by defendants within three years prior to the filing of the motion for certification, and to post the Notice at defendants' business locations.

**SO ORDERED:**
Dated: Central Islip, New York
     October 18, 2012                         /s/ E. Thomas Boyle
                                                    E. THOMAS BOYLE
                                                    United States Magistrate Judge